### 7125

#### HASTEN FURNITURE CO. v. SOUTHERN RY.

MAGISTRATE SUMMONS.—Where a magistrate, on motion made on day set for trial to make the paper served more definite as a complaint, holds the paper served was only a summons and then permits plaintiff to file a complaint, he should not require defendant to go to trial without giving him twenty days to answer the complaint where the amount claimed is more than $25.

*Is a summons necessary in a magistrate court?*

Before WATTS, J., York, April, 1908.    Affirmed.

Action by Hasten Furniture Company against Southern Railway, before Magistrate T. C. Beckham    From Circuit order reversing magistrate judgment, plaintiffs appeal.

*Messrs. Lewis & Hollis,* for appellant, cite: *Motion to make complaint more definite cannot be made in magistrate's court:* Code of Proc., 88, sub. 5, 6, 15, 181; Title I, II, III, V; Rule XX, C. C.    *Defendant not entitled to continuance as right:* Code Proc., 88, sub. 6, 7, 11; 56 S. C.. 462; 52 S. C., 158; 77 S. C., 522; 71 S. C., 340; 43 S. C., 175; 76 S. C., 334, 360.

*Messrs. Spencers & Dunlap,* contra, cite: *Paper first served was a complaint:* Code Proc., 88, sub. II, XVI.

April 9, 1909.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The above title is the same in fifteen different suits instituted in a magistrate's court for the recovery of damages for furniture lost and injured in the course of transportation, and a statutory penalty of fifty dollars.   The plaintiff recovered judgments in the magistrate's court on each of the claims, aggregating in all seventy-five dollars and fifteen cents, and for the statutory penalty in each case, aggregating in all seven hundred and fifty dollars.   On appeal the Circuit Court set aside the judgments of the magistrate and ordered new trials.   The legal questions in all the cases are the same, and one case will be discussed as decisive of all.

In the case to be considered the action was commenced by the service, on 6th March, 1908, of a paper of which the following is a copy:

"By T. C. Beckham, Esquire, Magistrate.

"To any Lawful Constable:

"Complaint having been made to me by J. W. Hasten and J. C. Hellams, partners in trade, doing business at Rock Hill, S. C., under the firm name of Hasten Furniture Company, against Southern Railway Company, a common carrier of freight and passengers in and through the County of York, and a corporation duly created by law for said purpose, that the said defendant is indebted to plaintiffs in the sum of $3, with interest from October 24, 1907, besides the sum of fifty dollars penalty arising out of the following facts, to wit: That the defendant negligently broke and damaged and lost part of a certain lot of furniture while in transit from Nashville, Tenn., to Rock Hill, S. C., to plaintiffs' damage in the sum of $3.   That said plaintiffs duly filed a claim for said amount with the agent of defendant, at destination, on 24th October, 1907.

"That said defendant has failed and neglected to adjust and pay said loss and damage to this date.

"You are, therefore, required to summon the said defendant to be and appear before me, at my office at Rock Hill,

S. C., at twelve o'clock m., on the 31st day of March, 1908, to answer said complaint or judgment will be given against said defendant by default.

"Witness my hand and seal, this March 5th, A. D. 1908. T. C. Beckham (Seal), Magistrate."

When the case was called for trial on the return day, 31st March, 1908, defendant's counsel moved before the magistrate "that the complaint, as served on the defendant on the 6th of March, 1908, be made more definite and certain, in that it alleges 'that the defendant company negligently broke and damaged and lost part of a certain lot of furniture,' etc., and ask that the Court require the plaintiff to allege the articles broken, damaged and lost." The motion was refused without consideration of its merits, the magistrate giving his reason in these words: "It appearing to the Court that only a summons has been served on the defendant, and that the complaint is not yet filed, defendant's motion is premature and is overruled."

As soon as the motion was refused, plaintiffs' counsel filed with the magistrate a complaint, setting out in detail the delivery at Nashville, Tenn., to the defendant railroad company of a lot of heaters to be carried to the plaintiffs at Rock Hill, S. C., the breaking off of the legs of two of the heaters in transit, to the damage of the plaintiff three dollars, the filing of the claim with the defendant's agent at Rock Hill, and the refusal of the defendant to pay and adjust the claim within ninety days, and the liability of the defendant for the statutory penalty of fifty dollars. The record contains this statement of the proceedings which followed:

"Thereupon the defendant, through counsel, made the following statement and motion in each of the fifteen cases.

"Defendant appears and is ready for trial under complaint of 6th March, 1908, but if plaintiffs demand trial under new complaint, we ask the statutory period of twenty days, under Section 88, Subdivision 16 of Vol. II of Code.

"This motion was denied by the magistrate for the following reasons:

"The magistrate holds that only a summons has been served on defendant, and their complaint (plaintiffs') is now reduced to writing on day of trial. The motion is, therefore, overruled.

"Counsel for defendant having stated that they appeared for the purpose of making the foregoing motions, and for no other purpose, then withdrew from the hearing of the cases, which proceeded to trial upon the complaints hereinbefore referred to, and then filed for the first time, and resulted in judgment being rendered for the plaintiffs in all fifteen cases for the amounts asked for, with interest and costs."

The concrete question presented by the exceptions is, whether the defendant was entitled as a matter of right to twenty days within which to answer the complaint filed on 31st March, 1908. The magistrate distinctly held that the paper served on 6th March, 1908, was not a complaint, but merely a summons, and on that ground refused to require the plaintiff to make it more definite and certain as a complaint. This holding of the magistrate was binding on all parties to the cause until reversed by an appellate tribunal. The defendant could not be justly held bound by the adjudication that the first paper was only a summons and not a complaint, and have his motion to make it more definite and certain refused on that ground without consideration of its merits, and at the same time be required to answer it within twenty days of its service, as if it were a complaint. Under the holding of the magistrate the only complaint before the Court was a paper filed on 31st March, 1908. Subdivision 16 of Section 88 of Code of Civil Procedure provides, "when twenty-five or more dollars is demanded the complaint shall be served on the defendant not less than twenty days." It follows that the defendant was entitled to the twenty days from 31st March, 1908, demanded by its coun-

16—82

sel, within which to answer the complaint filed on that day

The error of the magistrate was no doubt due to the obscurity of Title V, Part I, of the Code of Procedure, relating to courts of magistrates, with respect to the summons and complaint in these courts. While there is an implication in Subdivision 8 of Section 88, and in Section 156 of Code of Procedure, that all actions must be commenced in a magistrate's court by the issuance of a summons, yet there is nowhere in the Code of Procedure an express requirement for a summons except in Section 71, which refers exclusively to actions of claim and delivery; and the distinctions between a summons and a complaint in a magistrate's court is not well marked. It is true that Section 148, Title V, of Part II, of the Code of Procedure, requires: "Civil actions in the courts of record of this State shall be commenced by service of a summons." But the provision is limited to courts of record, and the magistrate's court has been held not to be a court of record. *State* v. *Weeks,* 14 S. C., 400.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.